116 N.J. Super. 1 (1971)
280 A.2d 692
WILLIAM JACKSON, ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF EAULA MAE JACKSON, DECEASED, AND ESTHER MAE ELLIOT, PLAINTIFFS-RESPONDENTS,
v.
MAGNAVOX CORPORATION, A CORPORATION, AND MERIT TRANSPORTATION CORPORATION, A CORPORATION, DEFENDANTS-APPELLANTS, AND SOUTHERN RAILWAY COMPANY, ET AL., A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1971.
Decided June 25, 1971.
*3 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Arthur N. D'Italia argued the cause for appellant Merit Transportation Corporation (Mr. Maurice J. Frank, attorney).
Mr. Richard D. Bennett argued the cause for appellant Magnavox Corporation (Messrs. Bennett & Bennett, attorneys).
Mr. Nathan Baker argued the cause for respondents (Messrs. Baker, Garber, Duffy & Baker, attorneys).
The opinion of the court was delivered by CONFORD, P.J.A.D.
In these seven actions consolidated for trial plaintiffs were passengers (and the administrators ad prosequendum of two deceased passengers) in a car driven by defendant Powers which collided on the night of January 8, 1966 with an unlighted trailer parked on a Jersey City street near the New Jersey Turnpike overpass. As a result three passengers were injured and two were killed. A number of actions were brought on behalf of the injured *4 passengers and by the administrators ad prosequendum. There were also cross-claims by defendants.
Southern Railway Corporation had general possession of the trailer under a lease. Several weeks before, the trailer had been involved in the following transportation operation. Goods of defendant Magnavox, a manufacturer, were shipped from Tennessee to Garden City, New York. Magnavox hauled the loaded trailer with its own tractor from its plant near Morristown, Tennessee, to the Morristown loading point of Southern Railway. The trailer was carried by that railroad "piggy-back" on a flat-car to Alexandria, Virginia. Thence it was hauled by one of the tractors of defendant Merit, an interstate common carrier, to the Teterboro, New Jersey plant of Magnavox. Magnavox, in turn, using its own tractor, brought the loaded trailer to Garden City where it was unloaded. Magnavox then brought the empty trailer back to its Teterboro yard on December 23, 1965. There is no further direct evidence of the trailer's peregrinations until Powers ran into it while it was parked as aforesaid several blocks from the Merit place of business in Jersey City on January 8, 1966, with the consequences noted above. Merit took responsibility for claiming and repairing the trailer after it was notified of the accident.
Plaintiffs recovered negligence verdicts of liability against Powers, Merit and Magnavox. The issue of damages was deferred. There were special verdicts by the jury that Merit and Magnavox had each caused the vehicle to be parked on the street; that each was negligent; and that such negligence was a substantial factor in causing the collision. Motions by defendants Merit and Magnavox for a new trial or for a judgment n.o.v. in their favor were denied. Those defendants appeal.
There was evidence of a written lease of the trailer from Southern Railway to both Merit and Magnavox pursuant to which both undertook to return the trailer to Southern Railway at Alexandria. There was other evidence, written and oral, reflecting upon the obligations of the defendants *5 Merit and Magnavox to Southern Railway in respect of the trailer which need not be recounted for present purposes.
The proofs show frequent prior shipments of goods by Magnavox using Southern Railway facilities and Merit common-carrier services. There were variable practices in respect of returning empty trailers used for Magnavox shipments to Southern Railway, to other customers of Southern Railway, or to the Merit yard. Most often Merit did this but on occasion Magnavox did.

I
We find no error in relation to the introduction into evidence of certain Jersey City ordinances regulating parking of vehicles and the court's permitting the jury to consider violation thereof as evidence of negligence. We find the ordinances sufficiently germane to the hazards involved in the instant accident to justify their submission to the jury.

II
There is no merit in the contention that defendants Merit and Magnavox were entitled to judgment or to a new trial on the asserted ground that the negligence of defendant Powers was "the sole culpable cause of the accident."

III
We do find persuasive the arguments of Merit and Magnavox that the trial judge erred in permitting the jury to find liability on the part of both of those defendants. But we do not agree that both defendants are both consequently entitled to judgment in their favor.
We put aside for purposes of the ensuing discussion the possibility that the named defendants were agents of each other for the purpose of returning the trailer to Southern Railway  an issue which was raised neither below nor on *6 this appeal. There was no indication at the trial that the defendants were in actual joint possession and control of the vehicle at any particular time here pertinent. Moreover, there was no intimation in the court's main charge that the jury might find both defendants liable. Indeed the charge is replete with instructions that the jury were to determine which of the defendants caused the trailer to be put upon the street and whether that defendant was negligent in so doing. No legal theory was presented to the jury in the charge upon the basis of which they could have been informed that they might determine joint or multiple liability of Merit and Magnavox.
The court was, moreover, at pains to instruct the jury that the purpose of allowing in evidence the lease from Southern Railway to Merit and Magnavox and other shipping documents was not to indicate that breach by either of any obligation thereunder to the lessor constituted any breach of duty to plaintiffs. It was only in order to "aid [the jury] in determining whose duty it was [to return the trailer] so that [they] might have some basis for determining who, as between them, was more likely to have that trailer during the period December 23, 1965 and January 8, 1966". (Emphasis added.)
It was only when the jury, during its deliberations, requested specific instructions as to whether both Merit and Magnavox could be held "responsible for empty trailer being parked on public street" that the court told them that they might return a verdict against both "if the evidence supports in your minds a verdict against both." However, no legal or factual criteria were supplied to the jury to guide them in determining whether the evidence could support a verdict against both; and, as seen above, there was no such criterion, or even a hypothesis of liability of both presented in the main charge.
For the stated reasons, we agree with defendants that the verdict of liability against both Merit and Magnavox cannot survive on the record as it stands. We think, *7 however, that there should be a new trial as to these defendants, not a final judgment in their favor.
In the first place, we are clear that a verdict against either of these defendants alone would have been justified by the record. The defendants conceded below that there was no evidence of theft of the trailer. The verdict of the jury therefore establishes what is obvious  that at least one of the two named defendants had possession of the vehicle when it was left on the street; and the verdict further establishes that the action of that defendant in leaving it there under the attendant circumstances was negligence proximately causative of the accident. Those determinations should stand as the law of the case at any retrial. Cf. Greenberg v. Stanley, 30 N.J. 485, 507 (1959).
The only remaining question for determination of fact is as to which defendant  Merit or Magnavox  left the trailer on the street. This issue must be decided at a new trial at which plaintiffs and defendants will present anew whatever proofs they can relative solely to possession and control of the trailer and its placement on the street. Further, subject to what is stated below in reference to the possible hypothesis of joint liability, the trial court will direct the jury to find a verdict of liability in favor of plaintiffs and against that single defendant  Merit or Magnavox  which they find to have been responsible.
Defendants argue that neither of them can be held to be the responsible party unless plaintiffs meet their burden of showing by the preponderance of the probabilities that a particular one of them is  a burden assertedly not here carried by plaintiffs. We disagree. Rigid procedural principles must bow to common sense and the interests of justice. Where it is virtually certain that one of two defendants is responsible for plaintiffs' injuries, and the evidential key as to which it is, is peculiarly within the knowledge of defendants, it is fair that the defendants be called upon to furnish information upon the basis of which the jury can determine the responsible party. Cf. Nopco Chemical *8 Co. v. Blaw-Knox Co., 113 N.J. Super. 19 (App. Div. 1971), and note the authorities cited in the dissent therein (at pp. 31-32).
To further subserve the interests of justice the plaintiffs and defendants are severally granted leave to amend the pleadings and pretrial order to assert, absolutely or in the alternative, that Merit and Magnavox were agents of each other for the purpose of returning the trailer to Southern Railway. If the proofs at retrial justify submitting that theory of joint or multiple liability of Merit and Magnavox to the jury as an alternative basis of liability the trial court may do so. In that case the court should require a special finding by the jury on that issue for purposes of any further review. We intimate no present view on the question, it not having been argued.
The judgment against Merit and Magnavox is reversed, without costs on this appeal, and the cause is remanded for a new trial as to those defendants consonant with the directions in this opinion.